ORDERED in the Southern District of Florida on ___08/13/14___.



_____
Raymond B. Ray, Judge
United States Bankruptcy Court

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov
Broward Division

In re:

SMF ENERGY CORPORATION,                    Case No. 12-19084-BKC-RBR

   Debtor.
_____/              Chapter 11

SONEET R. KAPILA, TRUSTEE,                 Adv. Case No. 14-01162-RBR

   Plaintiff.

v.

GRANT THORNTON, LLP,

   Defendant.
_____/

### ORDER DENYING MOTION TO DISMISS [D.E. 28]

**THIS MATTER** came before the Court for a hearing on July 10, 2014, upon the Defendant's Motion to Dismiss [D.E. 28] (the "Motion to Dismiss") the Adversary Complaint for Damages and to Avoid and Recover Avoidable Transfers [D.E. 1] (the "Complaint") filed by Trustee Soneet R. Kapila (the "Trustee" or the "Plaintiff"), the Response [D.E. 51], and the

Reply [D.E. 52] thereto. After having carefully considered the Complaint, Motion to Dismiss, Response, Reply, case file, argument by counsel for the parties, and being otherwise duly advised in the premises, the Court denies the Motion to Dismiss for the following reasons.

Federal Rule of Civil Procedure 12(b)(6)[1] states that a complaint should be dismissed for failure to state a claim upon which relief can be granted if no facts can be proven that would support the claim for relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a motion to dismiss, the factual allegations of the complaint are taken as true and construed in the light most favorable to the non-movant. *See Lord Abbett Mun. Income Fund, Inc. v. Tyson*, 671 F.3d 1203, 1206 (11th Cir. 2012).

Although "a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). Determining whether a complaint states a plausible claim will "be a context-specific task requiring the reviewing court to draw on judicial experience and common sense." *Iqbal*, 556 U.S. 679, 129 S. Ct. at 1950. Although Federal Rule of Civil Procedure 9(b)[2] requires that the circumstance of fraud be stated with particularity, the special pleading requirements of Rule 9(b) are relaxed for bankruptcy trustees. *See In re Arizen Homes, Inc.*, 2009 WL 393863, *2-3 (Bankr. S.D. Fla. Jan. 22, 2009).

After having reviewed the Trustee's allegations in the Complaint, the Court concludes

---

[1] Fed. R. Civ. P. 12(b) is made applicable to these proceedings by Fed. R. Bankr. P. 7012(b).
[2] Fed. R. Civ. P. 9(b) is made applicable to these proceedings by Fed. R. Bankr. P. 7009.

that the Trustee has satisfied the requisite pleading requirement. The allegations in the Complaint are sufficient to plead a *prima facie* case for each claim at this early stage in the litigation in which all allegations are accepted as true and construed in the light most favorable to the Plaintiff.

The primary argument emphasized by the Defendant at the hearing on the Motion to Dismiss was the applicability of the *in pari delicto* defense to Counts I-III. The *in pari delicto* doctrine prohibits a plaintiff who has participated in wrongdoing from recovering damages resulting from their wrongdoing. *See Official Comm. of Unsecured Creditors of PSA, Inc. v. Edwards*, 437 F.3d 1145, 1152 (11th Cir. 2006). It "is both an affirmative defense and an equitable defense." *World Capita Commc'ns, Inc. v. Island Capital Management, LLC (In re Skyway Commc'ns Holding Corp.)*, 389 B.R. 801, 809 (Bankr. M.D. Fla. 2008). Preliminarily, this Court acknowledges that the *in pari delicto* doctrine may apply to bar an action brought by a bankruptcy trustee, standing in the shoes of a debtor, against third parties. *See Edwards*, 437 F.3d at 1151; *Official Comm. of Unsecured Creditors v. R.F. Lafferty & Co.*, 267 F.3d 340, 358 (3d Cir. 2001); *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1093–94 (2d Cir. 1995); *In re Dublin Sec., Inc.*, 133 F.3d 377, 380 (6th Cir. 1997); *Grassmueck v. Am. Shorthorn Ass'n*, 402 F.3d 833, 837 (8th Cir. 2005); *Sender v. Buchanan (In re Hedged–Inv. Assocs.)*, 84 F.3d 1281, 1285 (10th Cir. 1996). However, it "is not an absolute standard that can be applied across the board regardless of the circumstances." *In re Fuzion Technologies Grp., Inc.*, 332 B.R. 225, 233 (Bankr. S.D. Fla. 2005).

The determination of the applicability of the *in pari delicto* doctrine requires a fact-intensive analysis. *See R.F. Lafferty & Co.*, 267 F.3d at 354. Since the *in pari delicto* is an

3

affirmative defense that is generally dependent on the facts, it not an appropriate basis for disposition on a motion to dismiss. *See In re Skyway Commc'ns*, 389 B.R. at 810; *see also Perlman v Wells Fargo Bank, N.A.*, 830 F.Supp. 2d 1308, 1317 (S.D. Fla. 2011). "Even where the defense is properly asserted, dismissal is typically 'not in the interest of justice and efficient case administration,' and any motion to dismiss should be denied to allow for the development of the factual predicates of the defense and the balancing of the relative fault." *In re Skyway Commc'ns*, 389 B.R. at 810. Therefore, this Court finds it inappropriate to delve into a fact-intensive inquiry on the applicability of the *in pari delicto* doctrine at this stage in the litigation in ruling on a Motion to Dismiss.

Accordingly, it is

**ORDERED** as follows:

1. The Motion to Dismiss [D.E. 28] is **DENIED**.

2. The Defendant shall file an answer to the Complaint within thirty (30) days of the date of this Order.

###

*The Clerk shall provide copies to:*
Plaintiff
Defendant