United States District Court
for the
Southern District of Florida

| | |
|---|---|
| In re: ) | |
| ) | |
| SMF Energy Corporation ) | Civil Action No. 14-61194-Civ-Scola |
| H&W Petroleum Co., Inc. ) | |
| SMF Services, Inc. ) | |
| Streicher Realty, Inc., Debtors ) | |
| ) | |
| ) | |
| Sonneet R. Kapila, Liquidating Trustee ) | Bankruptcy Case Nos. |
| of the SMF Energy Liquidating Trust, ) | 12-19084-BKC-RBR |
| Plaintiff ) | 12-19085-BKC-RBR |
| ) | 12-19086-BKC-RBR |
| v. ) | 12-19087-BKC-RBR |
| ) | |
| Grant Thornton, LLP, Defendant ) | |

### Order Withdrawing The Reference To Bankruptcy Court

The Defendant, Grant Thornton LLP, has asked this Court to withdraw the reference of this adversary proceeding to the Bankruptcy Court. Specifically, Grant Thornton argues that "[w]ithdrawal of the reference . . ., now, rather than shortly before trial, will avoid a host of jurisdictional issues creating uncertainty, litigation expense and delay." (Mot. Withdraw Ref. 2, ECF No. 1.) Shortly after Grant Thornton filed its Motion to withdraw the reference, the Supreme Court issued its opinion in *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014), clarifying some of the legal issues involving bankruptcy-court referrals. In that case, the Supreme Court made clear that even "*Stern* claims—that is, proceedings that are defined as 'core' under § 157(b) but may not, as a constitutional matter, be adjudicated as such (at least in the absence of consent)"—may be adjudicated as non-core claims. *Executive Benefits*, 134 S. Ct. at 2173. In other words, if a matter is core, the bankruptcy judge can enter final judgment on the claim; if a matter is non-core, or a *Stern* claim, the bankruptcy judge must propose findings of fact and conclusion of law. The district court will then review those findings and conclusions *de novo*, and the district court will enter a final judgment on those claims. *Id.* at 2172–73.

The Court has considered the arguments made by Grant Thornton in favor of withdrawing the reference immediately. The Court is not convinced that the circumstances in this case tip the balance in favor of withdrawing the

reference immediately, as opposed to following the customary procedure of withdrawing the reference as to trial and dispositive motions, but referring the case back to the bankruptcy court for a report and recommendations on case dispositive motions.

Accordingly, the Court **grants in part and denies in part** Grant Thornton's Motion to Withdraw the Reference (ECF No. 1). The Court further orders as follows:

1. The Court **withdraws** the bankruptcy reference insofar as it includes a reference for trial on any legal or factual issues and causes of action. When this proceeding becomes ready for trial, the Bankruptcy Court must promptly notify this Court. Subsequently, once this Court has placed the matter on its trial calendar, the Bankruptcy Court will transfer the case back to the District Court.

2. The Court **withdraws** the bankruptcy reference as to all dispositive motions relating to non-core claims or *Stern* claims. In keeping with 28 U.S.C. § 157(c)(1), however, the Court **refers** all such motions to the Bankruptcy Court for proposed findings of fact and conclusions of law.

3. The Court **affirms** the reference to the Bankruptcy Court in all other respects. The Bankruptcy Court has the authority and responsibility to conduct, hear, and fully determine all other pretrial matters.

4. The Court **directs** the Clerk to administratively close this matter pending further pretrial proceedings before the Bankruptcy Court.

**Done and ordered**, in chambers at Miami, Florida, on September 30, 2014.

_____
Robert N. Scola, Jr.
United States District Judge