

**ORDERED in the Southern District of Florida on October 12, 2016.**

Raymond B. Ray, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov
Broward Division

In re:

SMF ENERGY CORPORATION,                    Case No. 12-19084-BKC-RBR

    Debtor.
_____/               Chapter 11

SONEET R. KAPILA, TRUSTEE,                 Adv. Case No. 14-01162-RBR

    Plaintiff.
v.

GRANT THORNTON, LLP,

    Defendant.
_____/

**REPORT AND RECOMMENDATION TO THE DISTRICT COURT TO
DENY THE MOTIONS FOR SUMMARY JUDGMENT [D.E. 219, 235, 236]**

**THIS MATTER** came before the Court for a hearing on September 14, 2016, upon the

Plaintiff's Motion for Partial Summary Judgment [D.E. 219], the Response [D.E. 234], and the

Reply [D.E. 248]; the Plaintiff's Second Motion for Summary Judgment [D.E. 236], the Response [D.E. 247], and the Reply [D.E. 252]; and the Defendant's Motion for Summary Judgment [D.E. 235], the Response [D.E. 249], and the Reply [D.E. 254]. After having considered the Motions, Responses, Replies, court file, argument of the parties, applicable law, and being otherwise duly advised in the premises, the Court reports and recommends as follows:

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the pleadings, depositions, together with any affidavits, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56 (a). A fact is deemed "material" if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 246, 248 (1986). A factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-movant. *Id.* at 247.

The moving party has the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions and any affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). In deciding whether the movant has met this burden, the Court must view the evidence and all factual inferences in the light most favorable to the non-movant. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1532 (11th Cir. 1992). The burden then shifts to the non-moving party to go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact. *United of Omaha Ins. v. Sunlife Co.*, 894 F.2d 1555, 1558 (11th Cir. 1990); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-16 (11th Cir. 1993). Failure to make a showing sufficient to establish the existence of any essential element of a claim is fatal and requires the entry of summary judgment. *Celotex Corp.*, 477 U.S. at 322–23.

The record before the Court, including over 2,700 pages of exhibits contained in the Appendices and attached to the Motions, Responses, and Replies, indicates that there are genuine issues of material fact that preclude the entry of summary judgment. The exhibits contain numerous instances of conflicting affidavits, other documentation, and deposition testimony that demonstrate the existence of disputed issues of material fact in this case. These issues should be properly tried and adjudicated by a jury before the District Court.

Accordingly, this Court **RECOMMENDS** that the District Court **DENY** the Motions for Summary Judgment [D.E. 219, 235, 236]. After the District Court enters a final order on the Motions for Summary Judgment, the parties are directed to schedule a trial before the Honorable Robert N. Scola, Jr. pursuant to the Order Withdrawing the Reference [D.E. 60].

###

*The Clerk's office shall provide copies to:*
The Honorable Robert N. Scola, Jr.
Plaintiff
Defendant