UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| In re | CASE NOS.  12-19084-BKC-RBR, |
| | 12-19085-BKC-RBR, |
| SMF ENERGY CORPORATION | 12-19086-BKC-RBR & |
| H&W PETROLEUM COMPANY, INC. | 12-19087-BKC-RBR |
| SMF SERVICES, INC. | |
| STREICHER REALTY, INC. | CHAPTER 11 |
| | (JOINTLY ADMINISTERED) |
| Debtors. | |
| _____/ | |
| SONEET R. KAPILA, Liquidating | ADV. NO. 14-01162-RBR-A |
| Trustee of the SMF Energy Liquidating | |
| Trust, | |
| Plaintiff, | |
| v. | |
| GRANT THORNTON LLP, an Illinois | |
| limited liability partnership, | |
| Defendant. | |
| _____/ | |

**UNOPPOSED *EX PARTE* MOTION FOR STAY**

Plaintiff, Soneet R. Kapila, in his capacity as Liquidating Trustee (the "Trustee" or "Plaintiff"), through his undersigned counsel, hereby files the Unopposed *Ex Parte* Motion for Stay (the "Motion") and states as follows:

1. On October 13, 2016, this Court issued a Report and Recommendation to the District Court to Deny the [Parties'] Motions for Summary Judgment [ECF No. 267].

2. On October 26 and 27, 2016, the parties each filed Objections to the Report and Recommendation with the United States District Court for the Southern District of Florida.

3.	On March 9, 2017, the District Court issued an Order on Report and Recommendation and Reopening Case, overruling the Liquidating Trustee's Objections and sustaining Grant Thornton's Objections (the "Order"). In the Order, the District Court held that Grant Thornton was entitled to summary judgment on the Trustee's claims for professional negligence, negligent misrepresentation, and aiding and abetting breach of fiduciary duty (Counts I, II and III).

4.	The Liquidating Trustee's claims remaining for trial before the District Court are Counts IV (Avoidance and Recovery of Avoidable Four Year Transfers) and V (Avoidance and Recovery of 90 Day Preferential Transfer). Count VI (Turnover) is moot. The District Court has referred the case back to this Court to handle all pre-trial matters and the parties are currently working through those matters.

5.	The Trustee has filed an unopposed motion seeking certification under Fed. R. Civ. P. 54(b) so that the Trustee can pursue an immediate appeal to the Eleventh Circuit Court of Appeals of the District Court's Order.

6.	The parties do not dispute that these circumstances warrant this Court exercising its discretion and granting a stay. Absent a stay, the parties will be forced to expend significant resources in preparing the remaining claims for trial while appealing the other claims. In addition, there is a possibility of multiple trials if the Eleventh Circuit reverses the District Court's Order. The stay reflects a course to promote efficiency and minimize expenses. The proposed stay will not prejudice any parties or impair the underlying Chapter 11 proceedings.

7.	The parties do not dispute that these proceedings should be stayed until the earlier of:

      (i)      Thirty (30) days after the District Court denies any motion for certification under Fed. R. Civ. P. 54(b); or

      (ii)     Thirty (30) days from any mandate issued by the Eleventh Circuit Court of Appeals.

WHEREFORE, Plaintiff Soneet R. Kapila hereby requests the Court to enter the order attached hereto as **Exhibit "A"** (i) staying these proceedings; and (ii) granting such further relief as deemed necessary

Respectfully submitted this 26th day of January 2018.

GENOVESE JOBLOVE & BATTISTA, P.A.
*Counsel to the Trustee*
100 S.E. Second Street, 44th Floor
Miami, Florida 33131
Telephone: 305-349-2300
Facsimile: 305-349-2310

By:   s/ Gregory M. Garno
Gregory M. Garno, FBN 087505
ggarno@gjb-law.com
Theresa Van Vliet, FBN 374040
tvanvliet@gjb-law.com


KING & SPALDING LLP

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 26th day of January 2018 via electronic mail to all parties registered to receive CM/ECF Notifications.

By: /s/ Gregory M. Garno
       Gregory M. Garno, Esq., FBN 087505